1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   KOHEN DIALLO E. UHURU,                    No.  2:20-cv-1267 JAM DB P

11                  Plaintiff,

12         v.                                   ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
13   B. VELASQUEZ, et al.,

14                  Defendants.

15

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

17   U.S.C. § 1983.  Plaintiff claims that defendants have violated his right to religious freedom.

18   Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his

19   motion to appoint counsel (ECF No. 7).  For the reasons set forth below, the court will

20   recommend that the motion to proceed in forma pauperis be denied and deny the motion to

21   appoint counsel.

22                                    **IN FORMA PAUPERIS**

23   **I.        In Forma Pauperis Statue**

24          The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize

25   the commencement and prosecution of any suit without prepayment of fees by a person who

26   submits an affidavit indicating that the person is unable to pay such fees.  However,

27                  [i]n no event shall a prisoner bring a civil action . . . [in forma
                    paupers] if the prisoner has, on 3 or more prior occasions, while
28                  incarcerated or detained in any facility, brought an action or appeal

                                                  1

in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in original)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

## II.    Has Plaintiff Accrued Three Strikes?

A review of actions filed by plaintiff reveal that plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury. Judges have previously found that plaintiff has accrued at least three strikes. See Uhuru v. Eldridge, No. 2:19-cv-1119 KJN P, 2020 WL 3100257 (E.D. Cal. June 11, 2020); Uhuru v. Paramo, No. 3:17-cv-0960 GPC BGS, 2017 WL 2312224 (S.D. Cal. May 26, 2017). The court takes judicial notice of those cases and plaintiff's prior filings described therein. MCIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (A court may take judicial notice of its own records and the records of other courts). Those cases include: (1) Diallo v. Yarborough, No. 2:03-cv-5401 JVS VBK (C.D. Cal. Feb. 5, 2004) (granting defendants' motion to dismiss and stating, "[t]he allegations in the Complaint [were] insufficient to state a claim against each individual defendant . . ."); (2) Diallo v. Moskowitz, No. 2:07-cv-7109 JVS VBK (C.D. Cal. June 1, 2009) (granting defendants' motion to dismiss and dismissing the complaint with prejudice); (3) Diallo v. Greenman, No. 2:07-cv-2937 JVS VBK (C.D. Cal. Sept. 21, 2009) (dismissing the amended complaint with prejudice

////

2

1   upon finding the allegations insufficient to state a federal civil rights claim).  The strikes

2   described all occurred prior to plaintiff's initiation of the present action on June 24, 2020.

3       **III.      Does Plaintiff Meet the Imminent Danger Exception?**

4           Because plaintiff has accrued three strikes, plaintiff is precluded from proceeding in forma

5   pauperis in this action unless he is "under imminent danger of serious physical injury."  28 U.S.C.

6   § 1915(g).  The availability of the imminent danger exception turns on the conditions a prisoner

7   faced at the time the complaint was filed, not at some earlier or later time.  See Andrews, 493

8   F.3d at 1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be

9   rejected as overly speculative or fanciful."  Id. at 1057 n.11.  Imminent danger of serious physical

10  injury must be a real, present threat, not merely speculative or hypothetical.  To meet his burden

11  under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical

12  injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."

13  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory

14  assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir.

15  1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where

16  "time is pressing" and "a threat . . . is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531

17  (7th Cir. 2002).

18          The court has reviewed plaintiff's complaint.  (ECF No. 1.)  Therein plaintiff alleges that

19  defendants have interfered with his right to practice his religion, which involves solitary in-cell

20  worship.  (Id. at 4.)  Plaintiff also states that he is an individual with a medical and mental health

21  defect and has been excluded from getting fresh air and outdoor exercise.  (Id. at 5.)  Plaintiff

22  claims he has been denied his right to freely exercise his religion and he has lost privileges as a

23  result of his punishments.  (Id. at 6.)

24          Plaintiff has additionally alleged in a conclusory fashion that he is under imminent danger

25  due to the COVID-19 pandemic.  (Id. at 5.)  However, the complaint does not contain specific

26  allegations stating how the current conditions show that he is in imminent danger.  For example,

27  plaintiff alleges that he has been deprived of outdoor exercise but does not specify how long he

28  has been denied outdoor exercise.

3

1       Plaintiff's conclusory allegations fail to show that he was under imminent threat of serious

2 physical injury at the time he filed the complaint.  Accordingly, the court finds that plaintiff does

3 not meet the imminent danger exception described in § 1915(g) and should only be allowed to

4 proceed with this action if he pays the filing fee.

5                               **MOTION TO APPOINT COUNSEL**

6       Plaintiff has filed a motion for the appointment of counsel.  (ECF No. 7.)  Therein, he

7 argues counsel should be appointed because he is unable to afford counsel, his imprisonment will

8 limit his ability to litigate, the issues in this case are complex, and a trial will likely involve

9 conflicting testimony and counsel would be better able to cross examine witnesses.  (Id. at 1-2.)

10       The United States Supreme Court has ruled that district courts lack authority to require

11 counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

12 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

13 voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

14 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

15       The test for exceptional circumstances requires the court to evaluate the plaintiff's

16 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

17 light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

18 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

19 common to most prisoners, such as lack of legal education and limited law library access, do not

20 establish exceptional circumstances that would warrant a request for voluntary assistance of

21 counsel.

22       In the present case, the court does not find the required exceptional circumstances.

23 Plaintiff's arguments in support of his motion allege nothing more than circumstances common to

24 most inmates.  Additionally, at this stage of the proceedings the court is unable to determine

25 plaintiff's likelihood of success on the merits.  Accordingly, the court will deny the motion

26 without prejudice.

27 ////

28 ////

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 7) is denied.

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;

2.  The court find plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action; and

3.  The court order plaintiff to pay the $402 filing fee in order to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 5, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/uhur1267.3strikes+31