UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO E. UHURU,<br><br>       Plaintiff,<br><br>   v.<br><br>B. VELASQUEZ, et al.,<br><br>       Defendants. | No. 2:20-cv-1267 JAM DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner who was proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants have violated his right to religious freedom. Judgment was entered and this action was closed on July 30, 2021. (ECF No. 17.) Presently before the court is plaintiff's motion to amend the judgment. (ECF No. 18.) For the reasons set forth below, the court will recommend that plaintiff's motion to alter the judgment be granted and that this action be reopened for the limited purpose of allowing plaintiff to file objections.

**I.   Background**

Plaintiff filed the complaint and a motion to proceed in forma pauperis in June 2020. (ECF Nos. 1, 2.) Upon review of plaintiff's motion to proceed in forma pauperis, the undersigned determined that prior to filing the instant action plaintiff had accrued three strikes under 28 U.S.C. § 1915(g). (ECF No. 8.) Thus, it was recommended that plaintiff's motion to proceed in forma pauperis be denied and plaintiff be directed to pay the filing fee in order to proceed with this action. (Id.)

1

Those findings and recommendations were adopted, and plaintiff was directed to pay the filing fee in order to proceed. (ECF No. 10.) Plaintiff failed to pay the filing fee or otherwise respond to the order and the undersigned recommended that this action be dismissed for failure to prosecute and failure to comply with court orders. (ECF No. 15.) On July 30, 2021 the findings and recommendations were adopted, judgment was entered, and this action was closed. (ECF Nos. 16, 17.) On August 4, 2021 plaintiff filed the instant motion to alter or amend the judgment. (ECF No. 18.)

## II.   Legal Standards

Because the motion was filed within 28 days after the entry of final judgment, the court construes the motion as one filed under Federal Rule of Civil Procedure 59(e). A Rule 59(e) motion to alter or amend the judgment is an "extraordinary remedy which should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). In general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id. (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).

To demonstrate "manifest error," petitioner must show the judgment rests on an incorrect factual assumption or clear error of law. However, new legal arguments that should have been raised previously are not appropriate in a Rule 59(e) motion. Divane v. Krull Elec. Co., Inc., 194 F.3d 845, 850 (7th Cir. 1999). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4).

////

////

### III. Analysis

Plaintiff argues in the motion to alter the judgment that he never received the May 18, 2021 findings and recommendations. (ECF No. 18 at 2.) There is nothing in the record to indicate the findings and recommendations were returned. However, plaintiff has averred that he never received the findings and recommendations and his filing of the motion to alter the judgment less than two weeks after judgment was entered supports his contention. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (pro se filings should get the benefit of the doubt).

In light of plaintiff's pro se status and in an abundance of caution, the court will recommend that this action be reopened for the limited purpose of allowing plaintiff the opportunity to file objections to the May 18, 2021 findings and recommendations.

### IV. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to alter or amend the judgment (ECF No. 18) be granted and this action be reopened for the limited purpose of allowing plaintiff the opportunity to file objections.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 30, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/uhur1267.alt.judg